IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02499-RBJ-MJW

ALEXSAM, INC.,

Plaintiff,

v.

BEST BUY STORES LP, et. al,

Defendants.

## ORDER ON
## FIRST DATA'S MOTION FOR RECONSIDERATION
### (Docket No. 7)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

      Now before the court is First Data's Motion for Reconsideration (Docket No. 7). The court has reviewed the subject motion (Docket No. 7), plaintiff's response (Docket No.17), and First Data's reply (Docket No. 22). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

      On September 19, 2012, plaintiff filed a Motion to Compel (Docket No. 2) seeking production of certain documents and a witness for a deposition by First Data. Plaintiff's motion included a certificate of service indicating service was accomplished on September 19, 2012 by email. No response was filed by the October 10, 2012 deadline. Accordingly, the court entered an Order (Docket No. 3) granting plaintiff's

2

motion on November 6, 2012.  First Data now moves for reconsideration of the court's order.

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  Id. (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)).  First Data does not argue that there is a change in the controlling law or that new evidence has come to light.  Accordingly, First Data must demonstrate that his motion for reconsideration should be granted to correct clear error or prevent manifest injustice.

**Service**

First Data argues plaintiff's Motion to Compel (Docket No. 2) was not properly served.  First Data points out that it never authorized service by electronic means.  In addition, the motion received via email by First Data did not bear any court markings indicating that it had been filed, such as a case number.

Written motions must be served on every party to an action.  Fed. R. Civ. P 5(a)(1)(C).  Service by electronic means is permitted if the party being served has consented in writing to electronic service.  See Fed. R. Civ. P 5(b)(2)(E); D.C.COLO.LCivR 5.2(B).  The burden rests with the serving party to demonstrate that service was properly accomplished.  See, e.g., Williams v. US Airways/Am. W. Airlines, No. 08-cv-00583-CMA-CBS, 2009 WL 528573, at *6 (D. Colo. Feb. 27, 2009).

Plaintiff does not provide any proof that First Data consented in writing to

3

electronic service.  In addition, consent (or another form of service) was especially critical given the fact that plaintiff's motion to compel acted to commence this action, much as a complaint would in a normal matter.  In other words, unlike a typical motion in an already commenced action, First Data could not have received official electronic notification through CM/ECF that plaintiff's motion to compel was filed.  Accordingly, plaintiff has failed to meet its burden, and the court must find that service was not accomplished on September 19, 2012.

Plaintiff also contends that service was accomplished on October 10, 2012 when plaintiff sent the motion to First Data via express mail.  However, no certificate of service was filed with the court, and plaintiff provides no proof in its motion that mailing was actually accomplished, such as a return receipt.  In addition, when service is not made by electronic means, the local rules require service to be accomplished "on the same day as the date of filing."  D.C.COLO.LCivR 5.1(A).  Plaintiff's attempt to serve First Data via express mail occurred three weeks after the motion was filed.  Accordingly, the court finds that plaintiff has failed to meet its burden to prove that service was accomplished on October 10, 2012.

Finally, the fact that the parties exchanged emails regarding plaintiff's motion to compel, which shows First Data had actual knowledge of the motion, does not relieve plaintiff of its obligation to properly serve the motion upon First Data.  It is true, in the case of Rule 12(b)(5) motions to dismiss, that a court generally will not dismiss a complaint for insufficient service unless the defendant has been seriously prejudiced.  See Barksdale v. Connaghan, No. 10-cv-02491-CMA-CBS, 2011 WL 3664382, at *3 (D. Colo. Jul. 28, 2011) (stating that "the requirements of Rule 4 should be construed

4

liberally in those cases where the defendant had actual notice of the pending suit"). However, in a matter such as this, where the court granted plaintiff's motion to compel due to First Data's failure to file a response, it is clear that plaintiff's failure to properly serve First Data seriously prejudiced First Data.  This is compounded by the fact that plaintiff captioned its Motion to Compel as "filed under seal," effectively restricting First Data's access to the motion in CM/ECF.[1]  As such, the court finds that First Data's Motion for Reconsideration (Docket No. 7) should be granted, the court's November 6, 2012Order (Docket No. 3) vacated, and plaintiff's Motion to Compel (Docket No. 2) stricken.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that First Data's Motion for Reconsideration (Docket No. 7) is **GRANTED.**  The court's November 6, 2012 Order (Docket No. 3) is **VACATED**. Plaintiff's Motion to Compel (Docket No. 2) is **STRICKEN** for failure to properly serve First Data.  The clerk is directed to close this matter.

Date:  January 15, 2013                    s/ Michael J. Watanabe
         Denver, Colorado                     Michael J. Watanabe
                                              United States Magistrate Judge

---

[1] Plaintiff should have filed a contemporaneous motion to restrict requesting a Level 1 restriction, but failed to do so.  See D.C.COLO.LCivR 7.2.